UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES A. SHARRARD,

Plaintiff,

vs.

Case No.
Hon.

SZOTT M-59 MOTORS, LLC.,
*a Michigan limited liability company*, d/b/a
SZOTT TOYOTA OF WAREFORD,

Defendant.
_______________________________/

Brian J. Farrar (P79404)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
bfarrar@sterlingattorneys.com
_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Charles A. Sharrard, by his attorneys Sterling Attorneys at Law, P.C., for his Complaint and Demand for Jury Trial, submits the following:

***Jurisdiction and Parties***

1. This is an action for violations of the Family and Medical Leave Act, 29 USC 2601 *et seq.* ("FMLA"), Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq*, ("PWDCRA"), and Michigan's Earned Sick

Time Act, MCL 408.961 *et seq.* ("ESTA"), arising out of plaintiff's employment relationship with defendant.

2. Plaintiff Charles A. Sharrard (hereafter "plaintiff") is an individual residing in Waterford, Michigan, within the Eastern District of Michigan.

3. Defendant Szott M-59 Motors, LLC, is a Michigan limited liability company, headquartered in Waterford, Michigan, within the Eastern District of Michigan.

4. Defendant is an employer, and plaintiff was an employee, as defined by the Family and Medical Leave Act, 29 USC 2601 *et seq*, the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq*., and the Michigan Earned Sick Time Act, MCL 408.961 *et seq.*

5. This Court has federal question jurisdiction pursuant to 28 USC 1331 because this action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367.

7. Venue is proper under 28 USC 1391(b) (1) and (b)(2) because defendant resides within this district and the unlawful employment actions giving rise to the claims occurred in this district.

***Background Facts***

8. Defendant owns and operates an automobile dealership in Waterford, Michigan doing business as Szott Toyota of Waterford.

9. Defendant hired plaintiff on or about August 16, 2024, to work as a Technician in its Service Department.

10. At all times, plaintiff was a loyal and competent employee who performed his duties at or above expectations.

11. On or about May 29, 2026, plaintiff suffered a serious injury in a motorcycle accident.

12. Plaintiff was hospitalized with a broken leg.

13. Either that day or the next, plaintiff notified his direct supervisor, Service Manager Brian Michelin, that he would be unable to report for work on Monday, June 1 because he had been in a motorcycle accident and suffered a broken leg.

14. On or about June 2, 2026, plaintiff came to the dealership and met with Michelin to discuss his injury and his anticipated recovery time.

15. Plaintiff informed Michelin that, according to plaintiff's doctors, he would need approximately two weeks off for medical treatment and healing.

16. Michelin immediately terminated plaintiff.

17. When plaintiff asked why he was being terminated despite his history of good performance, Michelin told plaintiff "it's not just your leg injury," and did not provide any further clarification.

## CAUSES OF ACTION

### *Count I – Violations of the Family and Medical Leave Act*

18. Plaintiff incorporates the preceding paragraphs by reference.

19. Plaintiff was an "eligible employee" as defined in the FMLA, 29 USC 2611(2), at all relevant times:

A. plaintiff worked for the defendant for over 12 months;

B. plaintiff performed at least 1,250 hours of work for defendant in the 12 months preceding his use of FMLA leave;

C. defendant employs at least 50 employees within a 75-mile radius of plaintiff's worksite.

20. Plaintiff's broken leg qualified as a "serious health condition" as defined under the FMLA.

21. Plaintiff was engaged in activity protected by the FMLA when he notified defendant of his serious health condition and requested medical leave.

22. At all relevant times, defendant knew plaintiff was exercising his rights under the FMLA.

23. Defendant willfully violated the FMLA by interfering with plaintiff's FMLA leave and/or retaliating against plaintiff for exercising his rights under the FMLA.

24. Defendant willfully violated the FMLA by terminating plaintiff because plaintiff had requested medical leave covered by the FMLA.

25. Defendant willfully violated the FMLA by terminating plaintiff because it anticipated that plaintiff was about to take additional FMLA leave.

26. Defendant's conduct denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of the FMLA.

27. As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer the following injuries:

A. loss of employment;

B. loss of compensation;

C. loss of the value of fringe benefits.

***Count II – Disability Discrimination under the PWDCRA***

28. Plaintiff incorporates the preceding paragraphs by reference.

29. Plaintiff had a disability, a history of a disability, and/or was regarded by defendant as having a disability, as defined by and within the meaning of Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq*.

30. Plaintiff's serious leg injury was an actual physical impairment, and defendant also perceived plaintiff as having a disability, as reflected by Michelin's statement that the termination was "not just your leg injury."

31. Plaintiff was qualified for his position.

32. Defendant was predisposed to discriminate on the basis of plaintiff's disability and/or perceived disability and acted in accordance with that predisposition.

33. Defendant discriminated against plaintiff with respect to the terms, conditions, and privileges of his employment because of plaintiff's disability and/or perceived disability.

34. Defendant treated similarly situated non-disabled employees more favorably than plaintiff.

35. Upon learning of plaintiff's medical condition, defendant failed to engage in the interactive process.

36. Defendant failed to accommodate plaintiff and terminated him on the basis of his disability and/or perceived disability.

37. Defendant's alleged reason for firing plaintiff was a pretext for disability discrimination.

38. Defendant's discrimination denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of the PWDCRA.

39. As a direct and proximate result of defendant's discriminatory conduct, plaintiff has suffered injuries and is entitled to:

A. compensation for his loss of wages;

B. compensation for loss of fringe benefits;

C. compensation based on his earning potential;

D. emotional distress damages;

E. other incidental and consequential damages, including attorney fees.

***Count III – Retaliation under Michigan's Earned Sick Time Act***

40. Plaintiff incorporates the preceding paragraphs by reference.

41. At all relevant times, defendant was an employer and plaintiff was an employee within the meaning of the Earned Sick Time Act, MCL 408.962.

42. Under the ESTA, which took effect February 21, 2025, plaintiff accrued paid earned sick time at a rate of not less than one hour for every 30 hours worked. MCL 408.963.

43. The ESTA entitles an employee to use accrued earned sick time for the employee's own mental or physical illness, injury, or health condition, and for the medical diagnosis, care, or treatment thereof. MCL 408.964(1)(a).

44. Plaintiff engaged in activity protected by the ESTA when he notified Michelin of his broken leg and of his need for approximately two weeks off for medical treatment and healing, thereby requesting and/or using earned sick time.

45. The ESTA prohibits an employer from taking retaliatory personnel action, including discharge, against an employee because the employee

exercised a right protected under the act, including the right to use earned sick time. MCL 408.966.

46. Defendant took retaliatory personnel action against plaintiff by terminating him because he requested and/or used earned sick time for his broken leg.

47. As a direct and proximate result of defendant's violation of the ESTA, plaintiff has suffered injuries and is entitled to all appropriate relief under MCL 408.967, including payment of earned sick time improperly withheld, back pay, reinstatement, and other damages, together with costs and attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendant on all Counts, in whatever amount plaintiff is found to be entitled, together with liquidated damages, compensatory and punitive damages, equitable relief including reinstatement, interest as an element of damages, statutory interest, and attorney fees and costs.

## JURY DEMAND

Plaintiff Charles A. Sharrard, by his attorneys, hereby demands a trial by jury of all issues in this cause.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar

Brian J. Farrar (P79404)
Attorney for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: September 1, 2026